THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SIMON ROITER, Defendant.

Court of General Sessions of County of New York, April 3, 1943.

*Solomon Rubin* for defendant.

*Frank S. Hogan, District Attorney* (*Robert Reynolds* of counsel), for plaintiff.

FRESCHI, J. The motion here is to confirm the findings of the psychiatrists at Bellevue Hospital, presenting for decision the question as to the legality of the proceedings under an order made by a city magistrate, pursuant to the provisions of section 870 of the Code of Criminal Procedure for the examination as to the sanity of the defendant not then under indictment.

On March 4, 1943, this prisoner was arraigned before a city magistrate charged with felonious assault, and was thereupon committed to Bellevue Hospital, it appearing to the magistrate having jurisdiction of the defendant under said charge, but not under indictment therefor, that there was reasonable ground for believing that said defendant was in such state of idiocy, imbecility or insanity that he was incapable of understanding the charge or making a defense thereto. Under the order authorizing the examination of the defendant, it was provided that the Director of the Division of Psychiatry of the Department of Hospitals of the City of New York cause an examination of said defendant to be made for such purpose, designating from the staff of such division two qualified psychiatrists who should qualify as provided in section 661 of the Code of Criminal Procedure, and file their formal designation, together with their respective oaths in the office of the Clerk of said Magistrate's Court before proceeding with their examination, and it further ordered that upon the completion of such observation and examination a report be made to the court in form and manner as required by law. This order has been complied with, and on March 16, 1943, Dr. S. Bernard Wortiz, director of said psychiatric division, Dr. Benjamin Apfelberg and Dr. Carl Sugar made a report to the Presiding Magistrate of the Felony Court concerning the mental condition of this defendant, certifying that he is psychotic and suffers from a mental disorder diagnosed as schizophrenia (dementia praecox), paranoid type, and that the disease is of a chronic, progressive form of mental disorder which will require a prolonged period of care and treatment in a mental hospital. This report recommended that the case was suitable for commitment to the Pilgrim State Hospital at Brentwood, Long Island.

It is quite evident from the indorsement by the magistrate on his papers and the understanding of the authorities at Bellevue Hospital that the order heretofore made by him merely required an observation and diagnosis of the mental state of the defendant with a report by the psychiatrist to that court. No formal and full hearing with the presence of the respective

counsel on both sides has been conducted and held; and no further proceedings were had before the magistrate dealing with this defendant under the report filed as above stated.

Thereafter, and on March 26, 1943, the Grand Jury of New York County heard the case and indicted the defendant for assault in the second degree and carrying a dangerous weapon after prior conviction. The finding and filing of this indictment ousted the magistrate of jurisdiction and·consequently all proceedings in that court were concluded and the complaint was formally dismissed whereby all papers in the case were transmitted as required by law to the office of the Clerk of the Court of General Sessions. This court now having jurisdiction of the person of the defendant indicted for a felony is empowered by law to stay all proceedings with respect to the trial under the indictment and to make an order that the defendant be examined to determine the question of his sanity, there being reasonable grounds for believing that he is in a state of idiocy, imbecility or insanity such as makes him incapable of understanding the charge, indictment or proceedings and of making his defense, more particularly where it affirmatively appears by the report made and filed under the magistrate's order that this defendant is psychotic. While it may seem like a duplication, the examination to be conducted under the order of this court requires that the qualified psychiatrist take a referee's oath and conduct a formal and full hearing and examination at which the parties may be represented by counsel and at which all witnesses shall give testimony under oath. At this hearing the psychiatrist shall be aided by an assistant corporation counsel assigned for that purpose by the corporation counsel of the city. The method of examination, the procedure, the powers of the examiners and the right to issue subpœnas, as well as the authority for making a report to the court, are all established under chapter V of article VIII of the Code of Criminal Procedure (§ 658 *et seq.*). At the conclusion of the hearings and upon the coming in of the report, the court shall afford counsel for the defense and the District Attorney an opportunity to be heard in the event that they do not accept the finding of the psychiatrists and wish to contravert them. Section 662-b of the Code of Criminal Procedure provides the procedure where the defendant is found insane, and section 662-c of the Code provides the procedure where the defendant is not found insane. Therefore, this court of its own motion has made an order on this date committing the defendant to Bellevue Hospital for formal examination and hearing and the making of a report herein in the form and manner as required by law.